UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAMON MICHAEL BECKLEY,<br><br>Defendant. | Criminal No. 21-285 (JEB) |

## ORDER

On January 6, 2021, a violent mob attacked the United States Capitol as a Joint Session of Congress attempted to certify the Electoral College vote count for the 2020 Presidential election. Defendant Damon Michael Beckley was allegedly among the throng that forced its way through security barriers and prompted the evacuation of members of the House of Representatives and the Senate. In Count I of a six-count Superseding Indictment, the Government charges him with corruptly obstructing, influencing, or impeding an "official proceeding" in violation of 18 U.S.C. § 1512(c)(2). See ECF No. 42 (Superseding Indictment) at 1. Defendant now contends in a Motion to Dismiss that the conduct alleged in this count falls outside the scope of § 1512(c)(2) or that, alternatively, the certification process was not an "official proceeding." Because the Court is unpersuaded, it will deny the Motion and permit Count I to stand.

Section 1512(c)'s prohibition applies to:

> Whoever corruptly—
>
> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so.

1

Defendant urges the Court to construe (c)(2) narrowly and hold that it encompasses only conduct similar to that proscribed by paragraph (c)(1) — that is, actions taken with respect to a "record, document, or other object." ECF No. 41 (Mot. to Dismiss) at 1, 4. Alternatively, he argues that the Joint Session of Congress that was meeting on January 6 was not an "official proceeding" covered by § 1512(c)(2). Id. at 8. The Court addresses each argument in turn.

The focus of Defendant's first position is the meaning of the word "otherwise" in (c)(2). Given that it links (c)(1) and (c)(2), he maintains that a narrow interpretation is required such that (c)(2) only "covers similar crimes to those in section (c)(1)." MTD at 4. Put another way, (c)(2) thus prohibits only "additional ways in which an individual can corruptly act on a 'record, document, or tangible object' that are not covered by subsection (c)(1)." Id.

This contention, however, has been rejected by many courts in this district. Most persuasively, Judge John Bates recently penned a thoughtful and thorough analysis of this issue in United States v. McHugh, No. 21-453, 2022 WL 1302880, at *2–13 (D.D.C. May 2, 2022). As explained there, § 1512(c)(2)'s use of the word "otherwise" is meant to apply "to the 'myriad means that human ingenuity might devise to permit a person to' obstruct an official proceeding," and it is not limited to those involving documents or records. Id. at *7 (quoting Collazos v. United States, 368 F.3d 190, 200 (2d Cir. 2004)). As Judge Bates elaborated, this interpretation is the most natural reading of the statutory text, id. at *4–7, and it is supported by the statutory structure, id. at *7–11, as well as the legislative history. Id. at *11–12. Like Judge Bates, this Court concludes that "the broader interpretation is significantly more plausible than the narrow reading" that Beckley advances. Id. at *12. The Court therefore declines to adopt his interpretation of the statute.

Next, Defendant argues that the term "official proceeding" does not apply to Electoral College certification, but only to "hearings that affect the administration of justice." MTD at 8, 10. This Court has previously addressed this issue in United States v. Mostofsky, 579 F. Supp. 3d 9 (D.D.C. 2021), where it rejected Defendant's position. As the Court explained in that case, "'Congress's Joint Session to certify the electoral results is . . . a formal hearing' such that it qualifies as an 'official proceeding.'" Id. at 25 (quoting United States v. Sandlin, 575 F. Supp. 3d 16, 23 (D.D.C. 2021)). Furthermore, "it is difficult to fathom that a reasonable person would not believe the Electoral College certification was an official proceeding[;] . . . indeed, this is precisely the reason why the January 6 rioters wished to stop it." Id. at 26. Even United States v. Miller, 589 F. Supp. 3d 60 (D.D.C. 2022), which Defendant extensively relies on to support his argument regarding the meaning of the term "otherwise," held that the Electoral College certification is an "official proceeding" within the meaning of the statute. Id. at 66–67 (explaining that "[t]he certification of the Electoral College results by Congress is 'business conducted by a[n] . . . official body'") (citation omitted). This Court declines to change its position on this matter.

For these reasons, the Court ORDERS that Beckley's Motion to Dismiss Count One of the Superseding Indictment is DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: November 15, 2022

3