UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Filed Electronically

CRIMINAL ACTION NO. 21-CR-285 (JEB)
UNITED STATES OF AMERICA,                                                                    PLAINTIFF,

vs.

DAMON MICHAEL BECKLEY,                                                                       DEFENDANT.

## DEFENDANT'S RESPONSE TO UNITED STATES' MOTION *IN LIMINE* TO LIMIT CROSS-EXAMINATION OF SECRET SERVICE AGENCY WITNESSES

Comes the defendant, Damon Beckley ("Defendant," or, in the alternative, "Mr. Beckley"), by counsel, and in response to the United States' Motion *in Limine* to limit cross examination of Secret Service agency witnesses, provides as follows:

### I.  INTRODUCTION

The Government seeks to present testimony of Secret Service agents to make its case against Mr. Beckley for Counts Two, Three, and Four of the Superseding Indictment, which charge him with civil disorder and aiding and abetting; knowingly entering or remaining in a restricted building or grounds without lawful authority; and disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. §231(a)(3) and 18 U.S.C. §1752(a)(1) and (2).  DN 47.  However, it requests, via motion *in limine,* to preclude the Defendant from cross examining these Secret Service witnesses about the following areas:

1. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occurs; and

2. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.  DN 47 at p. 2.

1

Mr. Beckley submits that the defense does not plan to cross-examine Secret Service witnesses about the second area—the details about the nature of Secret Service protective details. Thus, this response will focus only on the first area the Government seeks to limit. As discussed in more detail below, the Government's request should be denied because (1) it is not proper to limit evidence at this juncture; (2) FRE 611 does not authorize limitation of cross-examination here; (3) it violates the Defendant's right to confrontation; and (4) the probative value of this area of questioning is not substantially outweighed by any purported prejudicial effect on the government or security.

## II. LEGAL STANDARDS

### A. Motions *in Limine*

The Supreme Court has recognized that "[a]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). Pretrial motions *in limine* are an "important mechanism to effectuate [the goal of FRE 103] of insulating the jury from inadmissible evidence and further the purpose of the rules, generally, to administer the proceedings 'fairly…to the end of ascertaining the truth and securing a just determination.'" *Daniels v. District of Columbia,* 15 F.Supp. 3d 62, 66 (D.C. Cir. 2014). As to the timing of the Court's ruling on a motion *in limine,* the D.C. Circuit has opined:

> Depending on the nature of the evidentiary issue presented in a pretrial motion *in limine,* the court must also assess whether a ruling is appropriate in advance of trial, or, instead, should be deferred until trial "'[when] decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole.'" *Id.* at 67, citing to *Herbert v. Architect of the Capitol,* 920 F. Supp. 2d 33, 38 (D.D.C. 2013).

### B. Confrontation Clause and FRE 611

The Confrontation Clause of the Sixth Amendment provides "[i]n all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him." U.S. Const. amend. VI.  Concededly, the Sixth Amendment right to confront is not without limits and "trial judges retain wide latitude…to impose **reasonable** limits…on cross examination." *Delaware v. Van Arsdall,* 475 U.S. 673 (1986) (emphasis added) and *see* FRE 611.  One tool that the Court has to limit cross examination is FRE 611.  It provides, in relevant part:

> **(b) Scope of Cross-Examination.** Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility.  The court may allow inquiry into additional matters as if on direct examination.  FRE 611(b) (emphasis in original).

While cross-examination is properly within the discretion of the trial judge, the "distinction between limitation of cross examination in such respects and denial of the right of cross-examination is clear and well established." *Lindsey,* 133 F.2d at 369.  This distinction is described by the 8th Circuit as follows:

> A full cross-examination of a witness upon the subjects of his examination in chief is the absolute right, not the mere privilege, of the party against whom he is called, and a denial of this right is a prejudicial and fatal error.  It is only after the right has been substantially and fairly exercised that the allowance of cross-examination becomes discretionary.  *Heard v. U.S.,* 255 F.829 (8th Cir. 1919).

### III.   ARGUMENT

The basis of the United States' motion *in limine* is that the area of cross examination it seeks to limit under FRE 611 is more prejudicial to the government than probative of the issues before the Court.  It asks the Court, in a vacuum, without having heard the potential proffered testimony by the Secret Service agent to limit cross examination.  At this juncture, without knowing the specific testimony, it is difficult to respond to this motion.   Indeed, it is sometimes

3

hard to respond to such motions at trial without first hearing the testimony on cross examination. *See Lindsey v. U.S.,* 133 F.2d 368, 370 (1942) (abrogated on other grounds) ("Counsel often cannot know in advance what pertinent facts may be elicited on cross-examination. For that reason it is necessarily exploratory… It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop). A determination at this point, based upon the limited information provided by the United States, is not proper. Rather, it should be made at trial after the Court has heard exactly what testimony the Secret Service agents will offer.

Should the Court determine that this issue is ripe for a ruling, it is not proper under FRE 611 to limit the anticipated cross examination from questioning the protocols of the Secret Service. Per the United States' motion, it plans to call Secret Service witnesses to establish that the Capitol was a restricted building or grounds on January 6, 2020. The U.S. argues that the Secret Service witnesses' direct testimony will be limited to the fact that Vice President Pence and his family was on Capitol grounds on January 6th and being protected by the Secret Service in order to meet the element of a "restricted building or ground" pursuant to 18 U.S.C. §1752. DN 47 at p. 1-2. However, the definition of "restricted building or grounds" is more extensive than merely showing that a protected person was on site. 18 U.S.C. §1752(c) defines restricted grounds, as applied here, as follows:

> (1) the term "restricted buildings or grounds" means **any posted, cordoned off, or otherwise restricted area**—
>
> \* \* \* \* \*
> (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting. (emphasis added).

Previous testimony provided by Secret Service agents in other January 6th cases explain that the agency has certain protocols in place and coordinates with Capitol police when one of their protectees visits the Capitol. *See U.S. v. Cuoy Griffin,* D.C. District Court Case No. 1:2-cr-00092, testimony of Inspector Lanelle Hawa. This coordination includes the Secret Service's provision of the location of arrival and anticipated movements by the protectee. *Id.* Secret Service has authority to set the restricted areas pursuant to 18 U.S.C. §1752. *Id.* It thus reasons that protocols exist to set these restrictions. Secret Service also has knowledge as to how individuals are notified of the restricted areas it sets, which can be through signage or verbal notification. *Id.* Again, it reasons that there should be protocols in place with Secret Service as to how to notify individuals of the restricted areas.

FRE 611 provides the Court with authority to limit cross examination to the subject matter of the direct examination. Based upon previous testimony in other cases, it is anticipated that the Secret Service agent(s) here will testify on direct as to the agency's protocols in establishing which areas were restricted based on their protection of Vice President Pence and his family on January 6. This will be necessary to establish an element of the offense against Mr. Beckley. Under a plain reading of FRE 611, this is a subject matter to which the Defendant has a right to cross examine and, thus, there is no authority to limit same under FRE 611. Further, and more importantly, because the testimony establishes an element of the offense, the Defendant has the absolute right pursuant to the Confrontation Clause to question the Secret Service agents about this issue. To prevent him from doing so, prevents him from presenting a defense to this element.

Likewise, the United states has failed to demonstrate that the information it seeks to limit is more prejudicial than probative pursuant to FRE 403. This rule provides that:

> [t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

>following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Allowing this line of cross examination will add a few minutes to the questioning, so it would not cause undue delay or waste the Court's time. Additionally, based upon the government's arguments of security, it is not anticipated that other forms of this evidence will come in such that it would qualify as cumulative evidence. That leaves the United States with the argument that allowing this testimony will lead to undue prejudice.

The factors and arguments outlined above demonstrate to the Court that the Secret Service witnesses' potential testimony is highly probative of the issues the jury must decide here as to Counts Two, Three, and Four. And, such probative evidence is not substantially outweighed by any undue prejudice to the United States which may incur through this line of questioning because much of the information the Government seeks to protect is already known to the public. For example, it has been widely reported by the news media that, after evacuation from the Senate Chamber, Vice President Pence was first moved to his office and then into a parking garage/bunker underneath the Capitol Grounds. *See Mike Pence Hid in 'Loading Dock' in Underground Parking Garage During Jan. 6 Riot,* Newsweek, Brendan Cole, November 9, 2021[1] and *Jan. 6 Committee reveals new details about Pence's terrifying day,* The Washington Post, Rosalind S. Helderman and Josh Dawsey, June 16, 2022.[2] Photos of these moments have been published by the media and the National Archives was ordered to turn the photographs over to the House Select Committee investigating January 6. *See Reporter reveals photos showing Pence hiding during Capitol riot,*

---

[1] This article can be accessed at https://www.newsweek.com/mike-pence-january-6-riot-loading-dock-underground-parking-garage-1647353.

[2] This article can be accessed at https://www.washingtonpost.com/politics/2022/06/16/jan-6-committee-reveals-new-details-about-pences-terrifying-day/.

Washington Examiner, Daniel Chaitin, June 15, 2022[3] and *National Archives to turn over Pence records to Jan. 6 committee,* ABC News, Benjamin Siegel, February 2, 2022,[4] respectively. Given that this information is readily available to the public, the Government cannot realistically argue that defense counsel's examination into these areas would raise any security concerns.

WHEREFORE, based upon the foregoing authority and arguments, Mr. Beckley respectfully requests the Court deny the United States' Motion *in Limine,* or, in the alternative, to hold the motion in abeyance until the trial of this matter.

/s/ Aaron M. Dyke
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on January 19, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

/s/ Aaron M. Dyke

---

[3] This article can be accessed at https://www.washingtonexaminer.com/news/photos-pence-hiding-capitol-riot.
[4] This article can be accessed at https://abcnews.go.com/Politics/national-archives-turn-pence-records-jan-committee/story?id=82628724.