# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

CASE NUMBER: _l:21-cr-00285_

_The United States of America_                                          **PLAINTIFF(S)**

**Leave to file GRANTED**

v.

_[signature]_          _3/8/23_
James E. Boasberg          **Date**
**United States District Judge**

_Damon Michael Beckley_                                          **DEFENDANT(S)**

**MOTION FOR** _Grant New Trial / Vacate Conviction_
[state what you want the Court to do]

I, _Damon M. Beckley_, the ☐ plaintiff / ☒ defendant [check the appropriate box] in the
above-named proceeding, respectfully move this Court to issue an order _Granting a New Trial_
_____
[state what you want the Court to do]

The reason(s) that I am entitled to the relief I seek is the following:

_____
_____
_____
_____
_____
_____

**RECEIVED**

MAR - 2 2023

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

General Motion Form
For Use By _Pro Se_ Litigants
Rev. 4/13

General Motion Form
For Use By *Pro Se* Litigants
Rev. 4/13

_____

_____

_____

_____

(You may use additional 8 1/2 x 11 paper if needed)

I, the undersigned, declare under penalty of perjury that the information contained in this document is true and correct.

This 1st day of _March_ , 2023

Signed: _Damon M. Beckley_
[your signature]

Print your name: _Damon M. Beckley_

Address ███████████████████████
████████████████████████████████
████████████████████████████████

[For use if you are a prisoner:]

I hereby certify that a copy of this complaint was delivered to the prisoner mail system for mailing on

_____.

Signed:_____
[your signature]

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above _____ was served upon
[name of document]

_____ by_____ at_____
[name of opposing party or counsel]        [mail or hand-delivery]        [address]

_____ on _____.
[date]

Signed:_____
[your signature]

General Motion Form
For Use By *Pro Se* Litigants
Rev. 4/13

## REQUEST FOR NEW TRIAL

Dear Honorable Judge Boasberg,

I, Damon M. Beckley, am submitting to you this request to please grant me a new trial. I know that at my first trial you had asked me many questions concerning competency and why I wanted to go with a Stipulated Trial. You asked me if I had taken any medications that would alter my ability to answer such questions and I answered that I had not. I had earlier that morning, but while in your presence, I had no recollection of it. I had taken Benadryl and ibuprofen, which is used by health facilities to induce sleep. Government studies have even proven it to cause *temporary memory loss*.

We drove from south central Kentucky to the East Coast before the trial, leaving Tuesday night (the 21st.) My wife has her Google timeline enabled on her phone which tracks our every movement, so our timeline is provable. I have a lifelong friend who is a paramedic that lives in Chesapeake, VA and we bought a camper from he and his wife last year but had not had a chance or the money to go out there and retrieve it. Since we were going to be as close as DC, we went the rest of the way to do so. While enroute and getting closer to Chesapeake, I started having an episode of TMJ, which can be very painful. I have suffered with it for approximately 20+ years, (I talked to Mr. Dyke in his office about it the previous week as it was bothering me then.) TMJ interrupts the brains' ability to cognitively decipher mental tasks since it has migraine effects on the body/brain. This particular episode happened to be the worst I had *ever had*. It literally had me in tears for nearly an hour while driving. My wife, Carla, prayed for me and it did get better. We prepped the camper to haul back to Kentucky and planned to return to Chesapeake the day after trial to take it home. I took a pain pill and napped for about 45 minutes while at my friend's house before heading into DC. At this point, it was the only sleep I had gotten since Monday night, which was approximately 5.5 hours.

Once we were at the hotel in DC, the TMJ flared again, not quite as bad but still significant pain-level wise. By 2 AM I still could not get to sleep so my wife gave me the ibuprofen and Benadryl so that hopefully the pain would subside enough for me to get some rest before trial. I did fall asleep. But, at 5:30 AM, an alarm went off twice in the room and also the smoke detector started chirping, which woke me to a level of not being able to get any more rest. So, before trial on Thursday, I had only had around 10 hours of sleep since Monday night. I complained about the alarms to the hotel clerk, and he comped us an extra night in a different room, discounting it 50%. We were very grateful as we were overly fatigued. To make things worse, the brakes went out on our Ford Flex (that would have hauled the camper) and I was not able to fix them myself, so we were forced to make this trip in our '01 F350, which made the trip fairy miserable for everyone.

I've said all of this to demonstrate that between the sleep deprivation, TMJ, and meds I took, I could not concentrate during your questioning of me that day. I honestly thought I was making

clear decisions, but since my wife and I had argued *repeatedly* with Mr. Dyke about why we couldn't just talk to the judge, (you) about my case, it is obvious that I was not coherently answering your questions that day. Furthermore, Mr. Dyke, who is a self-described Democrat and started his law work in DC several years ago, admonished me that, "...there is no way that you'll get a fair trial in DC. Look, the people there, 90% of them voted for Joe Biden. Let me tell you who your jury will be: they're government workers who all hate Trump and they're going to look at you and you fit the mold. There's a 5% chance you get an acquittal. Out of 45 or 46 people convicted so far, there's been only one acquittal. It's in your best interest to do the stipulated trial. You'll get a better sentencing deal since the prosecution will lower your enhancements by 3 points for taking responsibility for your actions then we can argue to Boasberg at sentencing that you weren't as bad as the one New York judge's son that he gave 8 months to since you didn't do anything violent, etc. and hopefully we can argue the 8-point enhancement away." He never mentioned that I could just do a trial before you.

Even after the trial had started last week, I sat there with Mr. Dyke and told him two or three times that I wanted him to get up and say something against what that prosecutor was doing because I misunderstood how the stipulated trial works. He said "We're not arguing this now." I assumed we would get to argue the prosecution's points. I didn't know I was agreeing to a trial where I had absolutely no defense. I never would have agreed to that. I have important facts pertaining to my case that I believe introduce serious reasonable doubt. I don't guess I'm allowed to share them here but there were good things I did while I was in that building, things that I believe helped saved lives.

I have read some of your dissertations Your Honor and reviewed some of your decisions and I believe you to be very objective and fair. I also know now that you were being exceptionally cordial to make me the offer to have the bench trial and I appreciate that very much. My wife could not believe I didn't take your offer – she went off on me after we got out of court saying "What is wrong with you?? We discussed over and over: if you get a chance to talk to the judge, you talk until he tells you to shut up!" She remembered giving me the Benadryl the next day when she said, "It's like you were just a zombie standing up there." Then that's when it hit her and she said, "OMG Damon, you had Benadryl with that ibuprofen!" She knows what it does to me.

I really hope you will consider and grant this for my family, Your Honor. They are good people. In February of 2021 I had plead to the two misdemeanors I originally received after my arrest, a trespassing charge and disorderly conduct, (which I felt were appropriate and fair.) But the prosecution did not accept that plea and has dragged this out now for two years to make me sound and look like a terrible person. They included no context for any of the videos they played, I never got to tell why I went into the building in the first place, or anything for that matter. I'm an emotional person. After getting beat up, trampled, and my recording equipment stolen while in the Capitol building, I didn't act very Christ-like that day, although I am a Christian. I've been trying to be a better person ever since.

Lastly, I'm not sure I don't need a new attorney and more time before a new trial (or even for sentencing) for them to be familiarized with my case, (if you were to grant one Your Honor.) Getting Mr. Dyke to take anything more than a minimalistic approach in securing evidence regarding my actions at the Capitol that day has been like pulling teeth. I begged him at every meeting we had over at least the last 18 months to get certain footage from security cameras that would corroborate my testimony and he, at the very least, repeatedly *failed* to get those clips secured. He was very cheery and positive while steering me into the stipulated trial, where he said we could introduce all such evidence [to argue for a lesser sentence] and blamed the prosecution for not being willing to accept elements of my actions that would introduce evidence contrary to their allegations to be added into the stipulations, (which makes sense, they're not working for me.) Mr. Dyke, unfortunately for my family and I, sold me on believing I had no chance at a trial and the best I could hope for was arguing for less prison time at sentencing. My wife and I both had repeatedly questioned him as to why this couldn't be done before being sentenced, sometimes heatedly, yet he maintained "The stipulated trial would still work to our favor in the end by guaranteeing a lesser sentence." He also suggested that the prosecution at trial could even bring more damaging video than what they already had which would make me look even worse to a jury at trial, coercing me to choose only the Stipulated Trial. In the end, the prosecution showed the worst of what they had *anyway*.

Combined with his refusal to obtain video that proves reasonable doubt, selling me the Stipulated Trial, and the fact that since my conviction he has not retuned one solitary attempt of my multiple requests to him that a motion for my conviction to be vacated be filed, I fear him to be actively running out the clock. I thought Americans were innocent until proven guilty, but Mr. Dyke did not make what I feel were adequate efforts to prove my innocence of the felony charges. I told him when the prosecution sent their last plea agreement offer to me that "I would not sign it because I believed that the original two misdemeanors were appropriate, but not the current charges at all." He agreed and stated that the original charges were what he advocated for all along, but I have no proof of that claim.

I understand now that innocent or not, the Stipulated Trial allows you to maintain your claim of innocence while leading you to choose a door of guilt and sentencing. You can then work towards proving your possible innocence, after the fact of being convicted, in exchange for a possible lesser sentence, but that putting on a defense against such stipulations isn't allowed. It is a backward proposal that I wish I would have had a better grip on before trial. Anyway, all the best to You, Your Honor, and God Bless.

Respectfully,

Damon M. Beckley

P.S. - By the time I found out about this my wife and I had to high-tail it to DC to have this motion entered before 7 days was up (since that). Have a great day Your Honor