**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-CR-285 (JEB)** |
| **v.** | : | |
| | : | |
| **DAMON MICHAEL BECKLEY,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' MOTION FOR AN ORDER FINDING WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE AND AUTHORIZING DISCLOSURE OF INFORMATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this motion for an order finding a waiver of the attorney-client privilege with respect to Defendant Damon Beckley's ineffective assistance of counsel claims set forth in his motion for new trial and related addendum. ECF 57, 69. The Government further seeks an order authorizing disclosure of information pursuant to the finding of waiver. For the reasons set forth below, the Government respectfully submits that Defendant waived any privilege related to the categories of communications with his attorney that Defendant put in issue through his new trial motion, and the Court should therefore issue the proposed order.

## I. BACKGROUND

On February 23, 2023, Defendant was found guilty by this Court at a stipulated trial. Minute Entry (02/23/2023). The Court found Defendant guilty of both counts at issue in the stipulated trial: a violation of 18 U.S.C. § 231(a)(3) and a violation of 18 U.S.C. § 1512(c)(2). *Id.* At the stipulated trial, Defendant was represented by Aaron Dyke, Esq., of the Federal Defender's

Office for the Western Kentucky. Mr. Dyke had represented Defendant since at least May 12, 2021. ECF 21. Mr. Dyke and Defendant both executed a Statement of Facts for Stipulated Trial before the stipulated trial. ECF 56.

On March 8, 2023, Defendant timely filed a *pro se* motion for a new trial. ECF 57 (hereinafter, "Defendant's Motion" or "Def's Mot."). The Court appointed Defendant a new counsel to assist with the motion but, after months of delay, Defendant decided to once again proceed *pro se*. On June 7, 2023, Defendant submitted an "Addendum" to his previous new trial motion. ECF 69 (hereinafter, "Addendum").

Defendant's new trial motions, considered collectively, include the following allegations related to the effectiveness of his representation by Mr. Dyke:

- Mr. Dyke failed to advise Defendant that he could seek a bench trial. Def's Mot. at 5.

- Mr. Dyke failed to explain to Defendant the workings of a stipulated trial and, in particular, failed to explain to Defendant that defense counsel would not present a defense to the stipulated facts at the stipulated trial. Def's Mot. at 5.

- Mr. Dyke coerced Defendant into accepting the stipulated trial. Def's Mot. at 6.

- Mr. Dyke withheld from Defendant videos that were produced by the Government in discovery in November 2022. Addendum at 1-2.

- Mr. Dyke failed to search for purportedly exculpatory video evidence that Defendant had asked him to find related to: Defendant's purported conduct assisting trapped police officers; the fact that police purportedly invited Defendant to come back inside the Capitol Building after he had left; Defendant's alibi that his purpose inside the Capitol was to find a particular person; and Defendant's Google Maps timeline that purportedly shows an exculpatory interaction with a police officer near a grocery. Addendum at 2-3, 5; Def's Mot. at 6.

- Mr. Dyke agreed to toll the time under the Speedy Trial Act without Defendant's consent. Addendum at 4.

- Mr. Dyke generally did not devote sufficient attention and energy to Defendant and his case, and Mr. Dyke tried to "actively run[] out the clock" rather than assist Defendant. Def's Mot. at 6; Addendum at 5-6.

- Mr. Dyke's actions in his representation of Defendant were "politically motivated

in nature." Addendum at 4.

In sum, Defendant's motion implicates Defendant's communications with counsel regarding the discovery received from the Government; defense counsel's pursuit of additional evidence as requested by Defendant; defense counsel's advice regarding the availability of a bench trial; defense counsel's advice regarding the stipulated trial; defense counsel's loyalty to Defendant; defense counsel's diligence on Defendant's behalf; and defense counsel's consultation with Defendant regarding tolling of time under the Speedy Trial Act.

On June 1, 2023, Mr. Dyke informed the Government that he is willing to provide information to the Government and the Court related to the issues raised by Defendant's motion for new trial. Mr. Dyke stated, however, that in order to do so, he would require a Court order confirming the waiver of privilege.

## II. LEGAL STANDARD

"[W]here a claim of ineffective assistance of counsel is asserted, there is an 'implied waiver' of the [attorney-client] privilege." *United States v. Lewis*, 824 F. Supp. 2d 169, 172 (D.D.C. 2011). Accordingly, "[i]t is well settled that when a [movant] raises a claim of ineffective assistance of counsel, courts find a corresponding waiver of attorney-client privilege with respect to former counsel on matters necessary to decide the claim." *United States v. Straker*, 258 F. Supp. 3d 151, 153-54 (D.D.C. 2017) (adjudicating habeas petition asserting ineffective assistance of counsel); *see also*, *In re: Romero-Parada*, No. 21-3473, 2021 WL 8567709, *2 (6th Cir. Dec. 15, 2021) ("a movant who raises an ineffective-assistance claim impliedly waives the attorney-client privilege."); *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim.").

Similarly, when a defendant alleges ineffective assistance of counsel, counsel may disclose client confidences or secrets to respond to those claims pursuant to D.C. Rule of Professional Conduct 1.6(e)(3), which provides that: "(e) A lawyer may use or reveal client confidences or secrets: . . . (2)(A) when permitted by these Rules or required by law or court order;. . .(3). . . to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client."[1]

**III. ARGUMENT**

By filing his new trial motion and addendum claiming that the inadequate performance of his counsel warrants a new trial, Defendant has put the representation of his former attorney directly in issue, at least with respect to the specific categories of communications implicated by the motion. Defendant therefore has waived the attorney-client privilege with respect to his counsel's representation as it relates to his claims arising from alleged ineffective assistance of counsel. *See, e.g., Lewis*, 824 F. Supp. 2d at 172; *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982) (holding that any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the privilege); *Byers v. Burleson*, 100 F.R.D. 436, 440 (D.D.C. 1983) (finding that the plaintiff waived the attorney-client privilege in his legal malpractice case against his former lawyer because the information the defendant attorney sought in discovery was necessary to resolve the precise issue the plaintiff interjected into the case). Accordingly, communications between Mr. Dyke and Defendant related to the communications and advice at issue are not privileged.

To make certain and clear that counsel may take the necessary steps to vindicate his public

[1] The Kentucky Rules of Professional Conduct similarly permit an attorney to disclose communications with a client "to respond to allegations in any proceeding . . . concerning the lawyer's representation of the client" or "to comply with other law or court order." Ky. R. Sup. Ct. 3.130(1.6).

reputation by addressing and defending against Defendant's claims of ineffective assistance of counsel, and equally to vindicate the integrity of this Court's previous proceedings, the Government respectfully requests that this Court issue the attached proposed order.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order: (1) finding that the attorney-client privilege has been waived with respect to Defendant's various allegations that his trial counsel, Mr. Dyke, was ineffective; (2) authorizing Mr. Dyke to disclose to the Government all matters related to Defendant's ineffective assistance of counsel claims in Defendant's New Trial Motion and Addendum; to provide the Government copies of any documents relating to Defendant's ineffective assistance claims; to provide a declaration or an affidavit addressing Defendant's claims of ineffective assistance of counsel; and, if necessary, to testify at an evidentiary hearing with respect to Defendant's claims of ineffective assistance of counsel; and (3) finding that any disclosures to the Government made by Mr. Dyke that relate to Defendant's claims of ineffective assistance of counsel are authorized by D.C. Rule of

Professional Conduct 1.6(e)(3).

A proposed Order is attached.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/________________________
Jason M. Manning
NY Bar No. 4578068
Trial Attorney, Detailee
1400 New York Ave NW, 11th Floor
Washington, D.C. 20005
(202) 514-6256
Jason.Manning@usdoj.gov

Julie Bessler
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
PA Bar No. 328887
Julie.Bessler@usdoj.gov