UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-CR-285 (JEB)** |
| v. | : | |
| | : | |
| **DAMON MICHAEL BECKLEY,** | : | |
| | : | |
| Defendant. | : | |

**[PROPOSED] ORDER**

This matter comes before the Court on the United States' Motion for an Order Finding Waiver of the Attorney-Client Privilege and Authorizing Disclosure of Information. Based upon the record in this case, and in consideration of the points and authorities in the Government's motion, the Court:

(1) finds that the defendant Damon Beckley waived the attorney-client privilege when he filed a motion for new trial and related addendum pursuant to Rule 33 of the Federal Rules of Criminal Procedure alleging, among other things, ineffective assistance of counsel by his former trial counsel, Aaron Dyke, Esq.; and

(2) concludes that the District of Columbia Rules of Professional Conduct, particularly Rule 1.6(e)(3), permit Defendant's former trial counsel (Aaron Dyke, Esq.) to disclose to the Government information needed to respond to Defendant's allegations of ineffective assistance, and to include that information in a declaration or an affidavit, even if there might otherwise be a duty to keep such information confidential.

Further, based upon the record in this case and for the reasons stated above, it is by the Court this _____ day of _____,

**ORDERED**, that the United States' Motion for an Order Finding Waiver of the Attorney-Client Privilege and Authorizing Disclosure of Information is **GRANTED;** and it is

**FURTHER ORDERED**, that Aaron Dyke, Esq., the defendant's former trial counsel, may take all actions necessary to respond to the defendant's claims of ineffective assistance in the defendant's motion pursuant to Rule 33, including:

(A) disclosing otherwise confidential or privileged information in communicating with government counsel about trial counsel's representation of the defendant as it relates to the defendant's claims of ineffective assistance;

(B) providing to government counsel any relevant documents in their possession,

(C) providing a declaration or an affidavit addressing the defendant's claims of ineffective assistance; and

(D) testifying at any evidentiary hearing on the defendant's ineffective assistance allegations, if such a hearing is deemed necessary; and it is

**FURTHER ORDERED,** that during the course of this Rule 33 litigation, the Government's use of any information provided by trial counsel, and any other person acting on the defendant's behalf in this case, is limited to obtaining and providing to the Court a declaration or an affidavit from these counsel, and any other person acting on the defendant's behalf in this case, in response to the claims of ineffective assistance in the defendant's Rule 33 motion and to any further litigation of that motion, and to any appeal of the Court's ruling on that motion; and, if a retrial should be granted, this Court may consider additional questions of the limitation on the use of this information.

**SO ORDERED.**

                                                                    _____
                                                                    The Honorable James E. Boasberg
                                                                    Chief Judge
                                                                    United States District Court