**Aaron Dyke**

| | |
|---|---|
| **From:** | Aaron Dyke |
| **Sent:** | Tuesday, March 7, 2023 3:50 PM |
| **To:** | |
| **Subject:** | Today's conversation |

Mr. Beckley:

I wanted to take a moment to summarize the conversation that you and I had today regarding your request for me to file a motion for a new trial. This weekend you emailed explaining to me that you would like me to file a motion for a new trial due to 1) your lack a sleep prior to the stipulated trial; 2) your having taken Benadryl prior to the stipulated trial; and 3) your having taken a pain pill prior to the stipulated trial. During our conversation earlier today, you stated that you believed the combination of those three factors made it so that you were unable to understand what you were doing by proceeding with a stipulated trial and made it so that you had a difficult time understanding the proceedings.

As I stated during today's conversation, in order for me to file a motion for a new trial, I have to have a good faith basis that there is a legally permissible purpose for the motion to be made. The Federal Rules of Criminal Procedure Rule 33 lays explains when and how to go about filing a motion for a new trial. The issues that you were raising with me are issues dealing with whether you were competent to make the decision to proceed to trial. The standard to succeed with a competency motion is "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Pate v. Robinson*, 383 U.S. 375 at 378 (1966).

Prior to the date of our stipulated trial, you and I met on numerous occasions at my office to discuss the facts of your case, the statutes which you had been charged under, any defenses that you may have, and the different options available to you to resolve your case including 1) a jury trial; 2) a bench trial; 3) a stipulated trial; 4) a plea agreement; or 5) an open plea. We discussed the advantages and disadvantages with each of those options. Not only did we meet in my office an multiple occasions, but we spoke via telephone on an almost daily basis for the 2-3 weeks leading up to your decision to proceed via a stipulated trial. During all of those conversations it was clear to me that you understood the nature of the charges against you, that you were very capable to assisting in your defense, and were capable of weighing the advantages and disadvantages of the different options available to resolve your case.

On the day of your stipulated trial, you and I spoke prior to entering the courtroom, and at that time you asked rational questions about the events that were scheduled to take place during your stipulated trial. I informed you at that time that if you did not understand the proceedings or the questions being asked by the judge, that all you had to do was let me know that and we would be provided an opportunity to speak to one another and for me to explain the question(s) asked by the judge. During the stipulated trial, you were put under oath and asked questions about whether you were currently on any medication – which you stated you were not; whether you understood the nature of the proceedings that were about to take place; and whether you had any questions. After asking those questions to you, the judge found, that you were competent to proceed and the stipulated trial took place at that time.

At no point during the hearing did you indicate to me that you did not want to proceed, or that you did not understand the proceedings. At no point did you, or any of the family members and/or friends who attending the stipulated trial with you, indicate that you had taken any medication prior to the hearing. Neither you nor anyone else who attended the hearing with you indicated that you were in a mindset that would make it difficult for you to understand the proceeding.

Based on all of those facts – I do not believe there is a legal basis to file a motion for a new trial at this time. I will also caution that any motion for a new trial filed at this time, could very well cause the United States to withdraw its support of you receiving the 3-level reduction to your offense level for acceptance of responsibility. Furthermore, a motion for a new trial filed based on the facts that you have presented to me, could very well be viewed unfavorably by the judge who will ultimately be determining your ultimate sentence in this case. It is for these reasons that I cannot in good faith file such a motion at this time – and it so for those reasons that I would caution you against filing your own motion at this time.

Thanks,
Aaron

Aaron Dyke
Assistant Federal Defender
Western Kentucky Federal Community Defender, Inc
629 South 4th Street, Suite 200
Louisville, KY 40202
502-584-0525

This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying is illegal.