## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 21-CR-285 (JEB)** |
| | **:** | |
| **DAMON MICHAEL BECKLEY,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING AND REQUEST FOR STATUS CONFERENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to defendant Damon Michael Beckley's motion to continue sentencing.  ECF 86.  Since being found guilty at a stipulated trial on February 22, 2023, Beckley has obtained a five-month delay of sentencing by terminating his first assigned counsel, terminating his second assigned counsel, and filing meritless *pro se* motions, in which he has lodged unfounded attacks on his previous counsel and raised empty claims of exculpatory evidence.  Sentencing was further postponed approximately two months at the request of the Probation Department.  Beckley now seeks to delay sentencing further by hiring a new counsel at the eleventh hour and alleging that his new counsel needs additional time to review the record and prepare for sentencing.  *Id.*  Further delay, however, would be contrary to the public interest in closure of criminal cases and accountability for persons who, like Beckley, have been found guilty of significant felonies striking at the core of our democracy. Beckley has not shown any good cause for why he waited so long to retain his new counsel, and his choice to do so does not warrant further postponement of sentencing.  The motion should be denied.

## I.     Background

On January 16, 2021, Defendant Damon Beckley was arrested in the Western District of Kentucky on a misdemeanor complaint.  ECF 1.  On April 7, 2021, a duly empaneled grand jury in the District of Columbia indicted Beckley on five counts, including obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) and four misdemeanors.  ECF 10.  On October 12, 2022, the grand jury issued a superseding indictment, charging the same five counts in the indictment as well as Civil Disorder in violation of 18 U.S.C. 231(a)(3).  ECF 42.

On October 14, 2022, Beckley requested that his trial date of December 12, 2022, be continued, and the Court granted this request, setting March 20, 2023, as the new trial date.  Minute Entry (10/14/2022).  On February 16, 2023—more than 20 months after Beckley's initial indictment, and just five weeks before trial would commence—the parties jointly moved to convert the trial to a stipulated bench trial.  ECF 52.

The two counts on which the parties agreed to proceed at the stipulated trial were Count One (Civil Disorder) and Count Two (Obstruction of an Official Proceeding).  Beckley was represented by Mr. Aaron Dyke, Esq., an Assistant Federal Defender for the Western District of Kentucky.  Mr. Dyke had represented Defendant since at least May 12, 2021.  ECF 21.  Mr. Dyke and Beckley both executed a Statement of Facts for Stipulated Trial before the stipulated trial. ECF 56 (hereinafter, "Stip. SOF").  Mr. Dyke and Beckley also executed an Agreement and Waiver of Jury Trial Rights, in which Beckley acknowledged that he waived several rights by proceeding with a stipulated trial, including his right to a trial by jury.  ECF 55.

The Court held the stipulated trial on February 23, 2023.  At the outset, the Court engaged in an extensive colloquy that established that it was Beckley's knowing, voluntary choice to have a stipulated trial.  After, among other things, reviewing the Stipulated Statement of Facts and the

video footage introduced in evidence, the Court found Beckley guilty of both counts: a violation of 18 U.S.C. § 231(a)(3) and a violation of 18 U.S.C. § 1512(c)(2).[1]  Minute Entry (02/23/2023). The Court scheduled sentencing for May 24, 2023.  *Id.*

On March 8, 2023, Beckley timely filed a *pro se* motion for a new trial.  ECF 57.  The Court appointed Beckley new counsel to assist with the motion and vacated the sentencing date. After months of delay, Beckley decided to once again proceed *pro se*.  *See* Minute Entry (04/12/2023); Minute Entry (05/01/2023); Minute Entry (05/22/2023); Minute Entry (05/23/2023); Minute Entry (06/01/2023).

On June 7, 2023, Beckley submitted an addendum to his previous new trial motion, ECF 69, which, after review, the Court also found to be timely.  *See* ECF 75 at 6.  Beckley's new trial motion essentially boiled down to three arguments: he allegedly received ineffective assistance of counsel; there allegedly was exculpatory evidence that warranted a new trial; and he allegedly did not make a knowing, intelligent decision to waive his right to a contested trial because at the stipulated trial he was suffering from various health issues and the effects of over-the-counter medications.[2]

On July 14, 2023, the Court denied Beckley's new trial motion.  ECF 75.  The Court held that Beckley's purported newly discovered evidence "is not exculpatory" and that Beckley's new trial motion was inadequate.  *Id.* at 1.  The Court denied the motion in its entirety.  *Id.*  The Court scheduled sentencing for October 25, 2023.  *Id.*   On September 18, 2023, the Court granted the

---

[1] Further detail related to the stipulated trial proceedings is set forth in the Government's opposition to Beckley's first motion for a new trial.  ECF 72 at 2-5.

[2] Further detail related to Beckly's first motion for a new trial is set forth in the Government's opposition to defendant's first motion for a new trial.  ECF 72 at 5-7.

Probation Office's request to postpone sentencing for reasons unrelated to the parties, and the Court set a new date of January 5, 2024.  ECF 76, 77.

On November 30, 2023, Beckley filed a second new trial motion and a motion to compel. ECF 79, 80.  On December 4, 2023, Beckley completed the filing of the second new trial motion by filing an affidavit in support of the motion.  ECF 82.  Beckley's second new trial motion rehashed many of the claims from his first motion while also asserting novel claims of purportedly newly discovered evidence found on a website.[3]  On December 15, 2023, the Government filed its opposition.  ECF 83.  The time for Beckley to file any reply has passed.  LCrR 47(d) ("Within seven days after service of the memorandum in opposition the moving party may  serve and file a reply memorandum.").

On December 19, 2023, Willam Shipley, Esq., filed a notice of appearance and a week later, Beckley filed the instant motion to continue, seeking a continuance of 60 days to allow Mr. Shipley time to prepare for the sentencing hearing.  ECF 85, 86.  The Government and Mr. Shipley conferred following the filing of the motion.  The Government offered to agree to a postponement of a week or two as a courtesy to Mr. Shipley but stated that it opposed any further delay.  Mr. Shipley responded that, in sum and substance, he could not be available because of conflicts on other matters until January 25, 2024, or thereafter.

On December 28, 2023, Probation filed the final Presentence Investigation Report and Sentencing Recommendation.   ECF 87, 88.   On December 29, 2023, the Government filed its sentencing memorandum.  ECF 89.

---

[3] Further detail related to Beckly's second motion for a new trial is set forth in the Government's opposition.  ECF 83 at 3-7.

## II.      Beckley's Belated Hiring of His Fourth Counsel Does Not Warrant Further Postponement of Sentencing

Beckley's machinations regarding his counsel can be summarized as follows: From shortly after his indictment on May 12, 2021, through the stipulated trial on February 23, 2023, Beckley was represented by Mr. Dyke.  The Court asked Mr. Beckley, under oath, at the stipulated trial, whether he was satisfied with Mr. Dyke's services in this case, and Mr. Beckley responded, "Yes, sir."  Ex. A, Transcript, Stipulated Bench Trial, 8, 10-11 (Feb. 23, 2023).  But within two weeks, Beckley filed a new trial motion, accusing Mr. Dyke of coercing him.  Beckley did not provide any corroboration for his accusations against Mr. Dyke beyond his own self-serving affidavit.  ECF 57.   Beckley then agreed to be represented by a second counsel, Ms. Staft, but after obtaining approximately three months of delay so that she could augment his *pro se* new trial motion, Beckley then terminated her representation and chose to proceed *pro se*, while Ms. Staft stayed on as standby counsel.   *See* Minute Entry (06/01/23) (authorizing Beckley to proceed *pro se* and setting deadline of June 8, 2023 for Beckley to file the augmented new trial motion, which originally had been filed on March 8, 2023).  Notably, the Court advised Beckley during the *Faretta* inquiry of the possibility that it could deny his motions and proceed to sentencing.

Serving as his third counsel, Beckley filed a slew of *pro se* motions, without raising any concern that, together with his standby counsel, he could represent himself at sentencing.  Yet after more than six months of proceeding *pro se*—and just three weeks before the sentencing date— Beckley retained Mr. Shipley, without providing any explanation, let alone good cause, as to why he had not retained Mr. Shipley any earlier.  And Beckley now seeks to further delay his sentencing

to accommodate his fourth counsel, who apparently has various obligations in Hawaii that render him unavailable for weeks.

Enough is enough.  Beckley cannot perpetually postpone accountability for his crimes by endlessly changing his representation.  Beckley—who was not remanded following the stipulated trial—may believe that continuous delay of his sentencing serves his interest.  The Government and the public, however, have a compelling interest in the speedy adjudication of criminal cases. *See United States v. Ray*, F.3d 184, 201 (2d Cir. 2009) (holding that "a sentencing delay disserves a basic notion that, once convicted, an offender should be able to serve his sentence and be done with it") (internal quotation omitted); *United States v. Tapia*, 3:19-cr-57 (RAM), 2020 WL 4572334, *2 (D.V.I. Aug. 7, 2020) (holding that the public has an interest in the efficient "operation of the courts and the judicial system," which would be infringed "by unduly delaying a defendant's sentencing") (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 50 n.8 (1987)); *see also Zedner v. United States*, 547 U.S. 489, 501 (2006) (noting the public interest in "preventing extended pretrial delay from impairing the deterrent effect of punishment."). Consequently, in adjudicating Beckley's motion to continue, the Court must consider the impact of any delay on the purposes behind criminal sentencing, which are "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 564 U.S. 319, 325 (2011).

Here, the purposes of sentencing would be undermined by further delay.  The possibilities for retribution, incapacitation, and rehabilitation all would be forestalled.  General deterrence also would be undermined by the perception that defendants can indefinitely hold accountability at bay by engaging in last-minute counsel substitutions and other procedural tactics.  Further, Beckley has not shown good cause to support his motion.  He has not explained why he did not retain Mr. Shipley any time in the intervening five months since the denial of his Rule 33 motion back on July

14, 2023.  Nor has he explained the choice of a counsel who cannot be prepared or available for the date this Court set more than three months ago.  Instead, Beckley simply ignores the fact that he waited until a few weeks before sentencing to seek new counsel, and then chose a counsel who would be unavailable for the sentencing. Beckley's choice to do so is a problem squarely of Beckley's own making.[4]  And the Court can appropriately consider "whether the delay is purposeful or is caused by the accused" when determining "[w]hether a continuance is appropriate in a particular case." *Wilson v. Mintzes,* 761 F.2d 275, 281 (6th Cir. 1985).  Sentencing in this district typically occurs three months after the trial or guilty plea; here, the scheduled sentencing date is now more than ten months after the stipulated trial.  The motion to further postpone sentencing should be denied.  *See United States v. Sharrak,* 527 F. App'x 383, 388 (6th Cir. 2013) (upholding district court's denial of defendant's motion to continue sentencing because defendant's "self-representation did not entitle him to repeated adjournments of his sentencing" and defendant's "nearly two-year effort to forestall the conclusion of this case would no longer be permitted"); *United States v. Marant,* 356 F. App'x 502, 503-04 (2d Cir. 2009) (upholding district court's denial of defendant's motion to continue sentencing where five months had passed between the guilty plea and the sentencing date).

Mr. Shipley, in his correspondence with the Government, indicated that a continuance is necessary to ensure Beckley's Sixth Amendment right to counsel because Mr. Shipley needs time to be adequately prepared for sentencing.  Yet "[t]he right to retain counsel of one's own choice is not

---

[4] It bears emphasis that Beckley did not create this problem because he is ignorant of criminal proceedings.  This case has been pending for more than two years, and even before this case, Beckley was no novice when it comes to the criminal justice system: the PSR describes Beckley's history of criminal charges and arrests over 23 paragraphs.  *See* PSR at ¶¶ 61 to 83.  Beckley even pointed to his previous experience in articulating to the Court his belief that he could represent himself *pro se* here.  Moreover, even as a *pro se* defendant, he has always had the benefit of standby counsel.

absolute." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978).  The D.C. Circuit Court of

Appeals has explained:

> The right [to counsel of one's choice] cannot be insisted upon in a manner
> that will obstruct an orderly procedure in courts of justice, and deprive such
> courts of the exercise of their inherent powers to control the same.  The public
> has a strong interest in the prompt, effective, and efficient administration of
> justice; the public's interest in the dispensation of justice that is not
> unreasonably delayed has great force…

> Once a fair and reasonable initial opportunity to retain counsel has been
> provided, and adequate counsel obtained, the court, mindful of the accused's
> interest in having counsel in whom he has confidence, is free to deny a
> continuance to obtain additional counsel if, upon evaluation of the totality of
> the circumstances, it reasonably concludes that the delay would be
> unreasonable in the context of the particular case.

*Id.* at 489-90.  Under the totality of circumstances here, the continuance to accommodate Mr. Shipley

should be denied.  The "dispensation of justice" has been unreasonably delayed because of Beckley's

conduct.  The Court has amply accommodated Beckley's right to effective representation: it assigned

him not one, but two, experienced and capable counsel.  Ms. Staft remains assigned as Beckley's

standby counsel.  She is capable of providing constitutionally effective representation at sentencing

if Beckley no longer wishes to proceed *pro se* and Mr. Shipley is unavailable.[5]

Further, Beckley's motion also suggests that he seeks additional time so that Mr. Shipley

could potentially file additional motions or supplement the filings in pending motions.  This is not a

legitimate basis to postpone the sentencing: any new trial motion predicated on anything other than

---

[5] Although Beckley elected to proceed *pro se*, he stated in his recent affidavit that his relationship
with Ms. Staft remains amicable and respectful.  Beckley explained his decision not to have Ms.
Staft represent him as follows: "I then asked if she would be comfortable to come to the court with
me to allege Aaron Dyke of ineffective assistance, and she said she would not.  She said she
believed she could get me a new trial, but going as far as the ineffective counsel was beyond what
she was comfortable with…. so it was decided amicably at that moment to go ex parte.  I respect
her decision and appreciate her being my backup counsel." ECF 82-1 at 7.  Thus, there is no reason
to believe Ms. Staft could not adequately represent Beckley at sentencing.

newly discovered evidence would be untimely.  Fed. R. Crim. P. 33(b).  Any supplemental filing to

the pending motions would be untimely as well.  LCrR 47(d).

**<u>CONCLUSION</u>**

Accordingly, for the foregoing reasons, the Government respectfully requests that the Court

deny the defendant Damon Beckley's motion to continue.

Dated: January 2, 2024

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:    _____/s/_____
JASON M. MANNING
NY Bar No. 4578068
JULIE BESSLER
PA Bar No. 32887
Trial Attorneys, Detailees
601 D Street N.W.
Washington, DC 20530
(202) 514-6256
Jason.Manning@usdoj.gov
(202) 809-1747
Julie.Bessler@usdoj.gov