UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-285 (JEB) |
| | : | |
| | : | |
| DAMON MICHAEL BECKLEY, | : | |
| | : | |
| | : | |
| DEFENDANT. | : | |

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR THE U.S. MARSHALS SERVICE TO INCUR COSTS OF TRAVEL

The United States respectfully opposes the defendant Damon Beckley's Motion for the U.S. Marshals Service to incur the costs of his travel for the sentencing scheduled for February 9, 2024. ECF No. 97 ("Def's Mot."). Although this Court has discretion to direct the United States Marshals Service to arrange for the defendant's one-way, noncustodial transportation to the District of Columbia for a required court appearance (or to furnish the fare and subsistence expenses for such transportation), this Court should not do so under the circumstances of this case. Beckley has failed to show that he is unable to pay for the transportation himself, and even if he were to make an adequate showing, the interests of justice would not support the relief sought.

Without requiring taxpayer funding or Government resources, Beckley traveled by vehicle from his home in Cub Run, Kentucky to be in Washington D.C. for January 6, 2021. ECF 79-4. The distance, according to Google Maps, is approximately 650 miles. Beckley joined a violent mob and stormed the Capitol, breaching the East Rotunda Doors at approximately 2:27 p.m., just minutes after the door's initial breach. During the riot, he entered and re-entered the Capitol multiple times, shoved and physically impeded police officers, overran a police line, and faced off

1

with Members of Congress and police officers—including officers with drawn firearms—through the broken window of the House Chamber Door. When Beckley was finally forced out of the Capitol at 3:30 p.m., he gave an interview outside the East Rotunda Doors, stating, "We're not putting up with this tyrannical rule. If we gotta come back here and start a revolution and take all of these traitors out, which is what should be done, then we will."

On April 7, 2021, a duly empaneled grand jury in the District of Columbia indicted Beckley on five counts, including obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) and four misdemeanors. ECF 10. On October 12, 2022, the grand jury issued a superseding indictment, charging the same five counts in the indictment as well as Civil Disorder in violation of 18 U.S.C. 231(a)(3). ECF 42. At a stipulated trial on February 23, 2023, the Court convicted Beckley of violations of 18 U.S.C. §§ 231(a)(3) (Civil Disorder) and 1512(c)(2) (Obstruction of an Official Proceeding). The Court subsequently denied Beckley's motions for a new trial. Sentencing is scheduled for February 9, 2024.

At the sentencing hearing, Beckley will be represented counsel William Shipley, Esq., who indicates in the motion that he is traveling from Hawaii to Washington D.C. to represent Beckley *pro bono*. Def's Mot. at 2. During the parties' meet and confer communications, however, Mr. Shipley clarified that his travel costs are being funded by a third-party legal defense fund that contacted him on Beckley's behalf.

The Court should deny Beckley's motion because Beckley has failed to show he is unable to pay for transportation and related subsistence to travel from his residence in Cub Run, Kentucky to Washington, D.C. To order the Marshals Service to incur the costs of the defendant's travel pursuant to Section 4285, the district court must first be "satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the

required court on his own." 18 U.S.C. § 4285. The statute "places the onus" on a defendant to demonstrate that he is "so destitute" that he is financially unable to provide funds necessary for transportation to court, and the defendant must overcome "a heavy burden" to establish an inability to pay. *See United States v. Forest,* 597 F. Supp. 2d 163, 165-166 (D. Me. 2009).

Here, Beckley has not provided a declaration or an affidavit in support of his motion. Instead, Beckley's counsel has merely asserted that "Beckley does not own a vehicle he is confident could make that trip without mechanical difficulty, and he cannot afford to rent a car or purchase a plane ticket to make the trip." Def's Mot. at 2. Beckley's unsworn and unsubstantiated claim falls far short of carrying his burden to obtain relief under Section 4285, particularly where, as here, the travel costs at issue are minimal: as of January 27, 2024, a Greyhound bus fare from Louisville, Kentucky (which is approximately 80 miles from Cub Run) to Washington, D.C. is available for approximately $129. Beckley has not made a sufficient showing that he could not afford this travel. His motion should be denied accordingly. *See, e.g., United States v. Bacon,* 21-cr-488 (CRC), ECF No. 54 (denying without prejudice defendant's Section 4285 motion and holding that the defendant must include a "sworn statement and supporting documentation" to show that he is "financially unable to travel to trial," should he refile his motion); *United States v. Rodriguez,* No. 21-cr-483 (DLF), Minute Order (11/07/22) (denying without prejudice defendant's Section 4285 motion, noting that "one-way bus transportation from New York City to Washington, D.C. costs as little as $30," and ordering that "the defendant may renew his motion accompanied by a (1) sworn affidavit describing his current financial circumstances, including his monthly income and expenses, his current savings and assets, and confirming the cost of same-day bus and

subway transportation, and (2) attached documentary support for each of the attestations in his declaration").[1]

Even if Beckley were to make a more robust showing regarding his inability to pay, the Court should nevertheless deny the motion with prejudice in the interests of justice. Section 4285 provides that the Court, in its discretion, should only order the U.S. Marshals Service to incur the defendant's travel costs "when the interests of justice would be served thereby." 18 U.S.C. § 4285. Thus, a court may deny a Section 4285 motion on interest-of-justice grounds. In *United States v. Rossman*, another January 6 case, Judge Howell denied a misdemeanor defendant's motion travel expenses to attend his sentencing as follows:

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now that he is to be sentenced for that offense conduct.

Minute Order, *United States v. Rossman,* No. 22-cr-280 (BAH) (D.D.C. Oct. 14, 2022). The same reasoning applies with even greater force here because of Beckley's much graver, felonious conduct on January 6. Beckley's motion should be denied with prejudice accordingly.

---

[1] Moreover, the same third-party entity that is funding Beckley's counsel to travel all the way from Hawaii to Washington, D.C. for sentencing presumably has the means to pay Beckley's much cheaper costs to travel from Kentucky for his sentencing. The Government recognizes that the unidentified third-party funder is under no obligation to pay for Beckley's travel. For the reasons stated herein, neither is the U.S. Marshals Service.

For the reasons set forth above, the Court should deny Beckley's motion with prejudice.

                          Respectfully submitted,

                          MATTHEW M. GRAVES
                          United States Attorney
                          DC Bar No. 481052

By:              /s/
                          JASON M. MANNING
                          NY Bar No. 4578068
                          JULIE BESSLER
                          PA Bar No. 32887
                          Assistant U.S. Attorneys
                          601 D Street N.W.
                          Washington, DC 20530
                          (202) 514-6256
                          Jason.Manning@usdoj.gov
                          (202) 809-1747
                          Julie.Bessler@usdoj.gov